**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Arteria BIBBS, Defendant–Appellant.**

No. 01–5318.

United States Court of Appeals, Sixth Circuit.

Dec. 6, 2001.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

*ORDER*

Arteria Bibbs, proceeding through counsel, appeals the sentence imposed upon his conviction for possessing 5 grams or more of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Bibbs was indicted on three counts of possessing cocaine base ("crack") with intent to distribute and one count of possessing ammunition as a convicted felon, and he was notified of the government's intent to use his prior Tennessee felony drug conviction to enhance his punishment under 21 U.S.C. § 851. Pursuant to a written plea agreement, he pleaded guilty to one count of possessing crack in exchange for the dismissal of the other counts in the indictment. The probation officer thereafter prepared a presentence investigation report (PSR), and calculated Bibbs's total offense level as 34, his criminal history category as VI, and the resulting sentencing guideline range as 262 to 327 months of incarceration. Over Bibbs's objections, the district court accepted the PSR, denied Bibbs's motion for a downward departure under USSG § 4A1.3, and sentenced Bibbs to 262 months in prison.

In his timely appeal, Bibbs argues that the district court erred by denying his § 4A1.3 motion. Bibbs argued below that he was entitled to a downward departure because his criminal history category overrepresented the seriousness of his criminal history. Although he had two crimes of violence, three other convictions were for criminal trespass and two others were for possession of marijuana. Bibbs now also contends that the district court did not

recognize that it had the discretion to depart and failed to explicitly rule on the motion.

A district court has the discretion to depart downward from the guideline range where "a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." USSG § 4A1.3. However, a district court's discretionary refusal to depart downward generally is not reviewable, unless the district court mistakenly believed it did not have legal authority to depart downward. *United States v. Henderson*, 209 F.3d 614, 617–18 (6th Cir.2000). The district court need not explicitly state that it is aware of its discretionary authority to depart downward; the record need only make clear the court's awareness of its discretion. *United States v. Owusu*, 199 F.3d 329, 349 (6th Cir.2000).

The district court was clearly aware of its discretion to depart. After defense counsel made his motion for a downward departure, the court asked the government for its response. The government expressed its opposition, arguing that Bibbs had been involved in "some serious conduct throughout the course of his adult and juvenile life, and ... has posed a danger to our community." Although the court did not then explicitly rule on Bibbs's motion, it implicitly denied the motion by imposing a sentence within the guidelines range. Furthermore, the court's comments when imposing sentence indicate that it rejected the basis for the motion. The court addressed Bibbs directly and said:

> You became involved in drug trafficking.... Your record indicates that you've been involved with guns for quite some time. The first thing in the presentence report is a charge when you were a juvenile, 16 years old, an aggra-

vated assault, possession of a dangerous weapon. You had a fully loaded .22 caliber pistol, and, with that pistol, you held several individuals.

As the district court was aware of its discretion, its refusal to depart downward is not reviewable.

Accordingly, the district court's judgment is affirmed.